IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-30046-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH MARTIN HULING and | ) | |
| JAMIE LEE McENTIRE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Keith Huling is charged with conspiracy to manufacture marijuana and manufacture of marijuana. Defendant moves to suppress all evidence seized as a result of the first and second search warrant in this case.

## Background

On January 20, 2004, Grants Pass Police Officer Pete Jenista (of the Josephine Interagency Narcotics Team (JOINT)) received information from a confidential informant (CI) that a stolen Dodge pickup was at Highland Motor Sports located at 4200 Highland Avenue in Grants Pass, Oregon. The CI provided a hand drawn map of the

premises, showing the location of the truck and truck parts.

Jenista went to the location and determined that the map was accurate. Jenista observed the bed of a dark green Dodge truck concealed under a blue tarp in the same location as depicted in the map. Jenista subsequently met with the CI who provided more information about the truck identifying it as a dark green, full sized, 1998 or 1999 Dodge Cummins turbo diesel. Jenista verified that a dark green 1999 Dodge Cummins truck was stolen in Grants Pass in November 2002, and that its status was still stolen. Among the items stolen with the truck were a set of Toski golf clubs and a Warn Winch. Jenista made several drive-bys and observed various dark green truck parts.

Jenista obtained a search warrant for evidence associated with the truck. On February 3, 2004, officers executed the search warrant at 4200 Highland Avenue. While securing the premises, officers discovered a large indoor marijuana grow in the main shop building. Defendants Keith Huling and Jamie McEntire were present. Defendant Huling was inside one of the grow rooms. Officers secured the premises and Jenista obtained another search warrant for the marijuana grow. Officers seized 800 growing marijuana plants and over 20 grow lights and ballasts. Also discovered were parts from the stolen pickup truck, Toski golf clubs, and a Warn Winch.

DISCUSSION

Warrant

The affidavit in support of the warrant provided the following support:

- Anonymous CI' report of the stolen property at Highland Motor Sports.
- The CI provided a hand drawn map which was determined to be accurate.
- Jenista corroborated the map.
- Jenista observed dark green truck parts appearing to belong to 1998 or 1999 Dodge truck with no license on the bumper.
- CI provided more information and CI was personally familiar with the subject location and had been there several times.
- CI knew three males (Keith, Josh and Jamie) associated with the Highland Motor Sports.
- CI identified photo of defendant as Keith and Jenista verified that defendant lived at the 4200 Highland Avenue location.
- CI was personally familiar with the stolen truck parts and recently saw the parts at the subject location.
- an unwitting informant who knew Keith, Josh and Jamie fairly well also told the CI that the parts were from a stolen Dodge Truck.

- CI passed a polygraph exam about the stolen truck knowledge.
- CI has three misdemeanor convictions, but none involved crimes of veracity.
- Jenista verified a dark green 1999 Dodge Cummins truck was reported stolen on November 22, 2002 from Napa Auto Parts in Grants Pass and was still listed as stolen.
- Jenista photographed the truck when the tarp had been removed and observed several other dark green truck parts during several trips to the location.
- In Jenista's training and experience, persons who steal vehicles occasionally disassemble them and sell the parts, and that disassembly takes place in closed buildings or remote locations.

Probable Cause

The affidavit in this case supports probable cause. Probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would lead a man of reasonable caution to believe that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 742 (1983). A determination of probable cause depends on the totality of the circumstances. Illinois v Gates, 462 U.S. 213, 238 (1983).

A magistrate's determination of probable cause to issue a

search warrant is accorded great deference and is reversed only if that determination is clearly erroneous. United States v. Espinosa, 827 F.2d 604, 610 (9th Cir. 1987). "[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." Illinois v. Gates, 462 U.S. 213, 236 (1982) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). "In borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it." United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir. 1987).

A magistrate is permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense. United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986). He need not determine that the evidence sought is in fact on the premises to be searched or that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit. United States v. Peacock, 761 F.2d 1313, 1315 (9th Cir. 1985). Moreover, "a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir. 1987).

Defendant argues that the CI's basis of knowledge is not developed enough and the statements provide minimal first hand reliability. Defendant argues that the remainder of the affidavit is insufficient corroborating evidence. Defendant asserts that given that the business conducted on the premises was known to be operation of a motor sports business and that there were many vehicles strewn about, that no substantive connection can be made between the truck parts and the stolen truck. Defendant maintains that it is the untested unwitting informant who appears to have the personal knowledge.

Despite defendant's arguments, the magistrate could have reasonably concluded that there was probable cause to believe the stolen truck was at the location. Moreover, the good faith exception would apply assuming a lack of probable cause in the affidavit supporting the warrant. Jenista could have reasonably believed the affidavit established probable cause and he sought the advice of a deputy district attorney who stated the warrant was supported by probable cause.

## CONCLUSION

For the reasons stated above, defendant's motion to suppress (#29) is denied.

Dated this 5th day of January, 2006.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE